ORIGINAL

David C. Amesbury
Nevada Bar No. 3889
M. Lani Esteban-Trinidad
Nevada Bar No. 6967
Amesbury & Schutt
703 S. Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 385-5570
Fax: (702) 385-4234
Attorneys for Plaintiff

FILED   RECEIVED
ENTERED   SERVED ON

2004 SEP 20   A 11: 33

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEZLIE ANN BUTTON, | CV-S-04-1307-HDM-PAL |
| Plaintiff, | |
| v. | |
| UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, a Nevada corporate entity; UNIVERSITY OF NEVADA, LAS VEGAS, a Nevada corporation; COMMUNITY COLLEGE OF SOUTHERN NEVADA, a Nevada corporate entity; BOARD OF REGENTS OF UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, a Nevada corporate entity; Does I-X; Roes Entities I-X; | **COMPLAINT** (Jury Demanded) (Declaratory Relief) |
| Defendants. | |

**COMPLAINT**

For its claims against Defendants, Plaintiff Leslie Ann Button ("Button") hereby alleges as follows:

**INTRODUCTION**

1. This is a disability discrimination lawsuit under Section 504 of the Rehabilitation Act of 1973 ("Section 504") and Title II of the Americans with Disabilities Act ("ADA").

2. Plaintiff filed this Complaint to determine and declare her rights under the Act and the ADA.

//
//

-1-

## THE PARTIES

3. Plaintiff Button is a qualified individual with a disability residing in Clark County, Las Vegas, Nevada. Ms. Button is a deaf person and communicates in American Sign Language (ASL). Therefore, auxiliary aids and services, including, but not limited to, qualified sign language interpreters, were necessary in order for Ms. Button to communicate effectively and for Plaintiff to benefit from Defendants' programs, services and activities.

4. Ms. Button is a deaf person and is therefore an individual with a disability within the meaning of Section 504 and the ADA.

5. Ms. Button is a qualified individual with a disability who is entitled to the protections of Section 504 and the ADA.

6. Defendant University and Community College System of Nevada (UCCSN) is, and at all times relevant hereto, was, an entity organized and existing under the constitution of the State of Nevada and doing business in Clark County, Nevada through its member institution, Defendant University of Nevada Las Vegas (UNLV).

7. Defendant UNLV is an institution of higher education existing under the laws of the State of Nevada and operating as a member institution of Defendant UCCSN.

8. Upon information and belief, Defendant Community College of Southern Nevada ("CCSN") is, and was at all times relevant hereto, a state-owned institution of higher education existing under the laws of the State of Nevada and operating under the umbrella of the UCCSN.

9. Upon information and belief, Defendants UNLV and CCSN, were at all time relevant to this action, recipients of Federal financial assistance, and are therefore subject to the Rehabilitation Act of 1973.

10. Upon information and belief, Defendant BOARD OF REGENTS OF UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA ("Board of Regents") is, and at all times relevant hereto, was, a governing board that controls and manages the affairs of the UCCSN.

11. At all time pertinent herein, Defendants acted under pretense and color of Nevada law.

12. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a ROE and DOE Defendant(s) is/are responsible in some manner for the events and

1 happenings set forth in Plaintiff's Complaint and either directly and/or proximately caused the damages to Plaintiff alleged herein. The true names and/or capacities of Defendants ROES and DOE I through X are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of this court to amend this Complaint to set forth the true names and identity of any or all of said ROE and DOE Defendants when such information is ascertained.

13. Upon information and belief, Defendants, and each and of them, are the agents, employees, co-venturers, subsidiaries, and/or related entities, such that each are responsible, jointly and/or severally, for the actions and/or in-actions of the other as alleged herein.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to 29 U.S.C. §794 *et. seq.*, 42 U.S.C. §12131. *et. seq.*. and U.S.C. §§1331 and 1343. This Court also has supplemental jurisdiction under 28 U.S.C. §1367(a) to consider Plaintiff's state law claims for negligence and negligent supervision, training and hiring because these arise from the same facts underlying Plaintiff's federal claims and Plaintiff would ordinarily be expected to try then all in a single judicial proceeding.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a)(2) and (3) because a substantial part of the events giving rise to this civil action occurred in the District of Nevada and because the Defendants are properly subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15 of the Complaint as though fully set forth herein and incorporates the same herein by reference.

17. Ms. Button is a deaf individual. Her primary mode of communication is American Sign Language (ASL).

18. Ms. Button requires assistance of qualified sign language interpreter services and other auxiliary services in order to fully participate in educational instruction and to effectively communicate.

19. Ms. Button was enrolled as a student with CCSN from September, 2000 to December, 2003.

20. While enrolled as a student at CCSN, Ms. Button completed several "Class Accommodations Request Forms" in which she requested assistance of qualified interpreters so that she could attend,

participate, and understand class instruction.

21. On several occasions, the interpreters Ms. Button requested failed to show up for the classes as requested. Ms. Button received no advance notice from CCSN or any of CCSN's agents, employees, and/or representatives, particularly, Ms. Catherine Black and the Disability Resource Center (DRC). Moreover, CCSN did not provide Ms. Button with advance notice that the requested interpreters would not be present for class, as she requested. To make matters worse, when interpreters did show up for classes, the interpreters were not "qualified" and their services were deficient and of such poor quality such that Ms. Button could not effectively participate, communicate and/or comprehend class instruction.

22. Ms. Button complained about the inexcusable absences of the interpreters and the poor quality of interpreter services to CCSN and its agents, employees and representatives.

23. Defendant CCSN did not adequately redress Ms. Button's complaints concerning interpreter services.

24. Ms. Button also made requests that CCSN provide her with qualified note takers for her classes. However, the note takers CCSN attempted to provide would either fail to show up for class or were not properly trained to take adequate notes, thereby, causing Ms. Button extreme difficulties with her class instruction.

25. Ms. Button also requested that CCSN provide her with real captioning or stenographer services to help Ms. Button effectively participate and understand class instruction. Defendant CCSN arbitrarily denied her requests.

26. As a direct and proximate result of Defendant CCSN's actions above, Ms. Button received failing grades in her classes and suffered needless pain, humiliation and emotional distress.

27. Ms. Button was enrolled as a student at UNLV from January, 2004 to May, 2004.

28. Ms. Button requested that UNLV provide her with an American Sign Language (ASL) interpreter and Real Time Captioning (RTC) to allow her to participate fully in her enrolled classes.

29. UNLV arbitrarily denied Ms. Button's request for ASL and RTC assistance. As a direct and proximate result, Ms. Button was forced to leave UNLV and apply at colleges where the services would meet her educational and communication needs.

30. Defendants, and each of them, negligently and/or intentionally failed to provide qualified interpreter services and other requested auxiliary services to Ms. Button, as she had requested. In doing so, Defendants discriminated against Ms. Button in violation of the ADA and Section 504.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30 of the Complaint as though fully set forth herein and incorporates the same herein by reference.

32. Title II of the ADA prohibits state and local governments from discriminating on the basis of disability. Title II of the ADA applies to public colleges, universities, and graduate and professional schools.

33. Title II requires a public entity to "furnish appropriate auxiliary aids and services where necessary to afford and individual with a disability an equal opportunity to participate in, and enjoy the benefits of a service, program, or activity conducted by a public entity."

34. Ms. Button is a deaf person and therefore has a substantial limitation of a major life activity. Ms. Button is a "qualified individual with a disability" and is entitled to the protections of the ADA.

35. Defendants are public entities for the purposes of Title II of the ADA.

36. Defendants violated the ADA in numerous ways, including, but not limited to, discriminatory actions which occurred when they:

  A) failed to ensure that communication with Ms. Button was as effective as communications with non-disabled individuals;

  B) failed to provide proper auxiliary aids and services, including, but not limited to, qualified sign language interpreters;

  C) failed to modify policies and procedures to prevent discrimination against Ms. Button; and

  D) acted in a discriminatory manner toward Ms. Button because of her disability and failed to ensure that programs, services, and activities were accessible to Ms. Button.

## SECOND CAUSE OF ACTION

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36 of the Complaint as though fully set forth herein and incorporates the same herein by reference.

38. At all times relevant to this action, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, was in full force and effect and applied to the Defendants.

39. Section 504 expressly prohibits discrimination on the basis of disability, providing that:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance . . .

40. Ms. Button is a deaf individual. Her deafness substantially limits major life activities, including, her ability to effectively communicate with others who do not know sign language and to absorb information from others who do not know sign language. Therefore, Ms. Button is an individual with a disability pursuant to Section 504.

41. Defendants are recipients to Federal financial assistance. Therefore, Defendants are subject to the requirements of Section 504.

42. Defendants discriminated against Ms. Button on the basis of her disability by failing to provide Ms. Button with qualified interpreters and effective auxiliary aids

## THIRD CAUSE OF ACTION

## NEGLIGENCE

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 42 of the Complaint as though fully set forth herein and incorporates the same herein by reference.

44. Plaintiff claims that the failure of Defendants, their agents, employees, representatives and personnel to provide qualified sign language interpreters to Plaintiff during the course of her enrollment with the Defendants, and each of them, respectively, was a violation of the standard of care.

45. As a direct and proximate result, Plaintiff has suffered damages in an amount to be determined according to proof at time of trial

## FOURTH CAUSE OF ACTION

## NEGLIGENT SUPERVISION, TRAINING AND MAINTENANCE OF PERSONNEL

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 45 of the Complaint as though fully set forth herein and incorporates the same herein by reference.

47. Defendants owed Plaintiff the duty to use reasonable care in the supervision, training and maintenance of personnel. That duty includes, but is not limited to, adequate training and education of its employees, agents, administrative personnel and all other persons having contact with Plaintiff during the time that Plaintiff is and was enrolled with Defendants.

48. By the foregoing actions of Defendants' agents, servants, representatives, and employees, Defendants breached its duty to use reasonable care in the supervision, training and maintenance of its personnel.

49. Defendants negligently caused the above-described injuries to Plaintiff by failing to properly train, supervise and control the conduct of said agents, servants, representatives, and employees, and other unknown personnel of Defendants.

50. Defendants, as employers, are liable under the doctrine of *respondeat superior*, for tortuous conduct of any and all known and unknown agents, servants, representatives, and/or employees.

51. The above-described acts of Defendants were intentional and done with a conscious disregard for Plaintiff's federally protected rights.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 45 of the Complaint as though fully set forth herein and incorporates the same herein by reference.

53. Defendants acted maliciously, with intent to cause emotional distress and/or with reckless disregard for the probability of causing emotional distress.

54. Such conduct was not only discriminatory, but also extreme and outrageous.

55. Defendants' extreme and outrageous conduct has caused and continues to cause Ms. Button severe emotional distress, pain, humiliation, anxiety and trauma.

//

WHEREFORE, Plaintiff prays for the following relief:

1. Declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants have discriminated against Plaintiff on the basis of her disability in violation of Section 504 of the Rehabilitation Act of 1973 and Title II of the ADA;

2. Award compensatory and punitive damages pursuant to Section 504 of the Rehabilitation Act of 1973 and any applicable state law;

3. Award damages in excess of the jurisdictional amount;

5. Award Attorney's fees and costs of suit; and

6. Award any such other and further relief as the Court may wish to entertain.

## JURY DEMAND

Plaintiff demands trial by jury for all of the issues that a jury properly may decide and for all of the requested relief that a jury may award.

DATED this 17th day of September, 2004.

AMESBURY & SCHUTT

By: _____
David C. Amesbury
Nevada Bar No 3889
M. Lani Esteban-Trinidad
Nevada Bar No, 6967
703 S. Eighth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff